**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0948-17T4

WELLS FARGO BANK, N.A.,

      Plaintiff-Respondent,

v.

DELROY CAMPBELL, his/her
heirs, devisees, and personal
representatives, and his, her, their
or any of their successors in right,
title and interest,

      Defendant-Appellant,

and

VIVIANNE CAMPBELL, his/her heirs,
devisees, and personal representatives,
and his, her, their or any of their successors
in right, title and interest,

      Defendant.

_____

Submitted September 13, 2018 - Decided September 27, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-000794-10.

Delroy Campbell, appellant pro se.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief; Siobhan A. Nolan, on the brief).

PER CURIAM

Defendant Delroy Campbell appeals from the denial of his motion to vacate a final judgment of foreclosure, contending plaintiff Wells Fargo Bank, N.A. never established its ownership of the note he and his wife gave to MLD Mortgage, Inc. or the right to foreclose the mortgage securing it. Because the record reveals Wells established its standing by actual possession of the note pre-dating its complaint, although its assignment of mortgage was not recorded until three weeks after its filing, we affirm. See Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

Defendant and his wife borrowed $404,985 from MLD Mortgage, Inc. in April 2008, evidenced by a thirty-year note secured by the non-purchase money mortgage he and his wife gave to MLD's nominee, Mortgage Electronic Registration Systems, Inc. The loan went into default in August 2009. Four months later, MERS assigned the mortgage to Wells, which filed a foreclosure

complaint ten days later. The assignment was not recorded, however, until three weeks after the complaint was filed.

Defendant filed an answer and counterclaim. After defendant filed for bankruptcy while Wells' motion for summary judgment was pending, the court dismissed the matter without prejudice in March 2011. Following resolution of the bankruptcy, the court granted Wells' motion to reinstate the foreclosure action in January 2013.

Wells thereafter moved again for summary judgment, supporting its motion with a certification of a vice president of the bank with personal knowledge as to its records, who averred that Wells was in possession of the note defendant gave to MLD, specifically endorsed to Wells' order, which it received prior to the filing of the complaint. Defendant opposed the motion, which the court granted in August 2016. Defendant did not oppose Wells' motion for final judgment, which was entered in April 2017.

Defendant did not appeal the final judgment, and the property was sold at sheriff's sale in July 2017. Defendant thereafter filed a motion under R. 4:50-1 to vacate the final judgment, the writ of execution and the sheriff's sale, contending Wells had never established its ownership of the note and right to foreclose the mortgage. Judge LaConte denied the motion, finding Wells had

3

established its standing to foreclose the mortgage on the motion for summary judgment by virtue of a certification of its employee made on personal knowledge in accordance with R. 1:6-6. See Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597-600 (App. Div. 2011).

Defendant appeals, reprising the standing arguments he made to the trial court. Having considered defendant's arguments and reviewed the record on the motion, we affirm, substantially for the reasons expressed by Judge LaConte in his opinion from the bench on September 18, 2017. Because Wells had possession of the note endorsed to its order prior to the filing of the complaint, it had standing to initiate the foreclosure. See Angeles, 428 N.J. Super. at 318. Its continued possession of the note and its subsequently recorded assignment of mortgage likewise provided it standing to pursue the complaint to judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0948-17T4